# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 20-1346V**
UNPUBLISHED

|  |  |
|---|---|
| RENEE MAJERUS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 7, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Howard Dale Mishkind, Mishkind Law Firm Co., L.P.A., Beachwood, OH, for Petitioner.*

*Benjamin Patrick Warder, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On October 8, 2020, Renee Majerus filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she sustained a shoulder injury related to vaccine administration (SIRVA) resulting from the adverse effects of an influenza (flu) vaccination she received on October 11, 2017. Petition at 1-2. Petitioner further alleges the vaccination was administered within the United States, she experienced the residual effects of her injury for more than six months, and there have been no prior awards or settlements of a civil action for damages as a result of Petitioner's condition. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 6, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Respondent determined that "[P]etitioner has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation for SIRVA." *Id.* at 7. Specifically, Respondent found that Petitioner timely filed her case, that she received the flu vaccination in the United States, and that she has satisfied the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration. Respondent further agrees that The scope of damages to be awarded is limited to Petitioner's SIRVA and its related sequelae. *Id.* at 8.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master